IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KARLA J. GOUCHENOUER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 3:16-CV-551-NJR-CJP |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

By Complaint filed on May 17, 2016, Karla Gouchenouer seeks judicial review of a final decision by the Commissioner of the United States Social Security Administration, pursuant to 42 U.S.C. § 405(g). That decision denied Gouchenouer's claim for social security benefits. Now before the Court is Gouchenouer's motion for leave to proceed *in forma pauperis* ("IFP"), i.e., without prepaying the filing fee (Doc. 3).

28 U.S.C. § 1915(a)(1) authorizes a federal district court to allow a civil case to proceed without prepayment of fees, if the movant "submits an affidavit that includes a statement of all assets [she] possesses [showing] that [she] is unable to pay such fees or give security therefor." Gouchenouer has done so in this case (Doc. 3).

The Court's inquiry does not end here, however, because § 1915(e)(2) requires careful threshold scrutiny of the complaint filed by an IFP plaintiff. The statute requires the Court to dismiss any complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from

such relief. 28 U.S.C. § 1915(e)(2).

Gouchenouer's complaint survives § 1915 review. Her sworn motion and affidavit establish that she is indigent for purposes of IFP review. While Gouchenouer currently receives $1,162 per month from her Social Security Disability Benefits, she only has $300 in her checking and savings account. Gouchenouer demonstrates that she has substantial expenses/debts, leaving exceedingly little discretionary income. Under these circumstances, the filing fee presents a significant hardship, and the Court cannot conclude that Gouchenouer's allegation of poverty is "untrue" or that the action is frivolous or malicious. Gouchenouer alleges that she has exhausted her administrative remedies, her complaint does not fail to state a claim upon which relief can be granted, and the named Defendant is not immune from suit for the requested relief.

Accordingly, the Court **GRANTS** the motion for pauper status (Doc. 3). Typically, after granting pauper status, the Court would direct the Clerk's Office to prepare and issue summons for the named Defendant. But Gouchenouer is represented by counsel (attorney David W. Sutterfield of Effingham, Illinois). Therefore, the Court leaves to counsel the responsibility of accomplishing service of process. If Mr. Sutterfield believes that 28 U.S.C. § 1915(d) or Federal Rule of Civil Procedure 4(c)(3) requires the United States Marshal to serve process, he should immediately file a motion with the Court.

**IT IS SO ORDERED.**

DATED:   May 31, 2016

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**